FILED
IN OPEN COURT

JAN 1

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:18-CR-*20* |
| v. | ) | |
| | ) | Count 1: False Swearing in an |
| MAHDI SALIH MAHDI | ) | Immigration Matter |
| | ) | (18 U.S.C. § 1546(a)) |
| | ) | |
| Defendant. | ) | Count 2-6: False Statements to an |
| | ) | Immigration Officer |
| | ) | (18 U.S.C. § 1001(a)(2)) |
| | ) | |
| | ) | Forfeiture Notice |
| | ) | |
| | ) | |

January 2018 Term – at Alexandria, Virginia

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### General Allegations

At all times relevant to this Indictment:

1.     The Department of Homeland Security ("DHS") was an agency of the executive branch of the government of the United States that was responsible for, among other things, processing applications for immigration to the United States.

2.     United States Citizenship and Immigration Services ("USCIS") was an agency within DHS that assisted in administering immigration laws, specifically, processing applications for immigration into the United States and immigration benefits.

1

3.      Pursuant to federal immigration law, to obtain asylum in the United States, an alien was required to show, among other things, that he or she had suffered persecution in his or her country of origin on account of race, religion, nationality, political opinion, or membership in a particular social group, or had a well-founded fear of persecution if he or she were to return to such country.

4.      Alien applicants seeking asylum were required to complete and submit to USCIS a Form I-589, Application for Asylum and Withholding of Removal.  The Form I-589 required a detailed and specific account of the basis of the claim to asylum.  An asylum applicant had to sign the Form I-589 application under penalty of perjury under the laws of the United States.  Anyone who assisted the applicant in preparing the application was also required to sign the application and declare that the information contained within the application was true based upon the preparer's personal knowledge or information provided to the preparer by the applicant.  In addition, a preparer had to certify that he or she read the completed application to the applicant in the applicant's native language or a language the applicant could understand for verification before the alien signed the application in the preparer's presence.  The alien applicant must typically apply for asylum within one year of their arrival in the United States.

5.      After the Form I-589 was submitted, the alien applicant was interviewed by a USCIS officer (the "Asylum Officer") to determine whether the applicant qualified for asylum.  At the interview, the applicant could present witnesses or documentation in support of his or her asylum claim.  If the alien applicant did not speak English well enough to be interviewed, he or she must bring an interpreter, who is fluent in both English and the alien applicant's native language and who took an oath promising to interpret accurately and truthfully.  At the interview, the alien applicant had the opportunity to make any necessary corrections and must swear and

2

affirm that the contents of the Form I-589 were true and correct. After the interview, the Asylum Officer determined whether the alien applicant qualified for asylum, and that determination was then reviewed by a supervisory officer within USCIS.

6.      Defendant MAHDI SALIH MAHDI was a native and citizen of Iraq.

7.      On or about March 10, 2013, defendant MAHDI SALIH MAHDI entered the United States on a B-2 non-immigrant tourist visa with authorization to remain in the country until September 9, 2013.

8.      In and around June or July 2013, defendant MAHDI SALIH MAHDI caused a Form I-589 to be filed with the United States Government. This Form I-589 bears the signature of defendant MAHDI SALIH MAHDI, who signed under penalty of perjury.

9.      On or about November 18, 2014, defendant MAHDI SALIH MAHDI appeared before an Asylum Officer at the USCIS Arlington Asylum Office for an interview on his Form I-589 application where he made material false statements. There, defendant MAHDI SALIH MAHDI took an oath to tell the truth, the whole truth, and nothing but the truth. MAHDI SALIH MAHDI made corrections on his Form I-589 and signed and swore before the Asylum Officer that the contents of his application were true and correct. He was assisted by an interpreter who was certified to translate from the English to Arabic language, the native language of defendant MAHDI SALIH MAHDI. Following the interview, defendant MAHDI SALIH MAHDI certified, under penalty of perjury under the laws of the United States, a Record of Sworn Statement containing the questions and answers stated during the interview.

<u>COUNT ONE</u>
(False Swearing in Immigration Matter)

THE GRAND JURY CHARGES THAT:

10.     Paragraphs 1 through 9 of the General Allegations of this Indictment are specifically re-alleged and incorporated by reference as if they were fully set forth here.

11.     In and around June or July 2013, in Arlington, Virginia, within the Eastern District of Virginia and elsewhere, the defendant, MAHDI SALIH MAHDI, did knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in a document required by the immigration laws and regulations prescribed thereunder, and knowingly presented such document which contained a false statement and which failed to contain a reasonable basis in law and fact, to wit: the defendant MAHDI SALIH MAHDI filed a Form I-589, Application for Asylum and Withholding of Removal, in which he disclosed that his relatives received visas granting authorization to lawfully enter or remain in a particular country, but omitted material information regarding whether he applied for or received any lawful status in any country other than the one from which he was now claiming asylum, knowing then and there that he had applied to obtain lawful status through the United Nations High Commissioner for Refugees program while in Syria prior to entering the United States.

(In violation of Title 18, United States Code, Section 1546(a).)

4

## COUNTS TWO THROUGH SIX
(False Statement to an Immigration Officer)

THE GRAND JURY FURTHER CHARGES THAT:

12.     Paragraphs 1 through 9 of the General Allegations of this Indictment are specifically re-alleged and incorporated by reference as if they were fully set forth here.

13.     On or about November 18, 2014, in Arlington, Virginia, in the Eastern District of Virginia and elsewhere, in a matter within the jurisdiction of the executive branch of the Government of the United States, defendant MAHDI SALIH MAHDI did willfully and knowingly make materially false, fictitious and fraudulent statements and representations to an Asylum Officer of the U.S. Citizenship and Immigration Services, in connection with an interview for an immigration benefit application, to wit: Form I-589, Application for Asylum and Withholding of Removal, and each statement and representation set forth below constituting a separate count of this Indictment:

| Count | False Statement | The Truth |
|---|---|---|
| 2 | Defendant MAHDI SALIH MAHDI responded "No" when asked whether he had ever traveled to any other countries before coming to the United States. | Defendant MAHDI SALIH MAHDI then and there knew that he had traveled to Syria in and around 2010. |
| 3 | Defendant MAHDI SALIH MAHDI responded "No, the only thing is coming to America. Just was working and playing soccer" when asked whether he has ever left Iraq. | Defendant MAHDI SALIH MAHDI then and there knew that he had traveled to Syria in and around 2010. |
| 4 | Defendant MAHDI SALIH MAHDI responded "No I was just living and working in Iraq" when asked whether at any time, he was able to reside, work, go to school, or receive any benefits in another country. | Defendant MAHDI SALIH MAHDI then and there knew that he was issued a refugee certificate upon registration with the United Nations High Commissioner for Refugees in Syria. |

5

| 5 | Defendant MAHDI SALIH MAHDI responded "No" when asked whether he has ever visited Afghanistan, Pakistan, Somalia, Colombia, or Syria. | Defendant MAHDI SALIH MAHDI then and there knew that he had traveled to Syria in and around 2010. |
|---|---|---|
| 6 | Defendant MAHDI SALIH MAHDI responded "No" when asked whether he has ever given false information to the U.S. government. | Defendant MAHDI SALIH MAHDI then and there knew that he failed to disclose to the U.S. government, specifically U.S. Citizenship and Immigration Services, his travels to Syria. |

(In violation of Title 18, United States Code, Section 1001(a)(2).)

FORFEITURE NOTICE

THE GRAND JURY FINDS PROBABLE CAUSE FOR FORFEITURE AS

DESCRIBED BELOW:

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendant is hereby notified that, if convicted of the offense alleged in Count One above, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), any property, real or personal, that was derived from, or is traceable to, the proceeds obtained directly or indirectly from the commission of the offense and any property used to facilitate the offense. The property forfeited includes, but is not limited to, any immigration fraud related asset that the defendant owns or over which the defendant exercised control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of, facilitating property, or property involved in the offense, including, but not limited to, an employment authorization card and any other fraudulently obtained immigration documents.

(All pursuant to Fed. R. Crim. P. 32.2(a) and Title 18, United States Code, Section 982(a)(6).)

A TRUE BILL

Pursuant to the E-Government Act,,
The original of this page has been filed
under seal in the Clerk's Office

_____
DATE

_____
FOREPERSON

Dana J. Boente
United States Attorney

By: _____
Raizza K. Ty
Special Assistant United States Attorney (LT)

7