IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Case No. 1:18-CR-00020 |
| v. | ) | |
| | ) | |
| MAHDI SALIH MAHDI, | ) | The Honorable Liam O'Grady |
| | ) | Hearing Date: June 15, 2018 |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States, through its attorneys, G. Zachary Terwilliger, United States Attorney, and Raizza K. Ty, Special Assistant United States Attorney, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines" or "U.S.S.G."), hereby submits its position with respect to sentencing for defendant, Mahdi Salih Mahdi, who pleaded guilty to one count of false swearing in an immigration matter, in violation of 18 U.S.C. § 1546(a). The United States has no material objections or corrections to the Presentence Investigation Report ("PSIR") and represents that the U.S. Probation Officer has correctly calculated that the Sentencing Guidelines ranges for sentencing are: 0 to 6 months of incarceration, 1 to 5 years of probation, 1 to 3 years of supervised release, and a fine of $500 to $5,000. For the reasons stated herein, the United States respectfully submits that a sentence of 30 days of incarceration and 3 years of supervised release – as an added measure of deterrence – appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a). The government will also ask this Court to enter a Forfeiture Order.

**I.      Background**

The defendant, a 42-year-old native and citizen of Iraq, has no valid claim to any lawful status in the United States.[1] He entered the United States on March 10, 2013 on a tourist visa. Government records show that the defendant told the U.S. government he intended to visit his sister, who, at the time, was a student living in Illinois. Then, on or about July 3, 2013, the defendant filed an asylum application, known as a Form I-589, with United States Citizenship and Immigration Services ("USCIS"). Pursuant to federal law, aliens who enter the United States and seek asylum are required to file with USCIS a Form I-589, which includes questions that inform immigration authorities of the applicant's eligibility. The Form I-589 must be signed by the applicant, certifying that his or her answers are true and correct under penalty of perjury. If the applicant receives assistance by counsel or a preparer, that person must also sign the Form I-589 attesting that the responses provided are based on all information the counsel or preparer has knowledge of or which was provided by the applicant. In the Form I-589, which he initially signed on June 27, 2013, the defendant represented, among other things, that he had never resided anywhere outside of Iraq. He also omitted the fact that he lived in Syria, and while there, applied for refugee status. The defendant had the benefit of counsel during his asylum application process.

On or about November 18, 2014, the defendant appeared before USCIS for an interview on his asylum application. The USCIS Asylum Officer specifically asked several questions related

---

[1] The defendant is currently in removal proceedings before an immigration judge at the Arlington, Virginia Immigration Court. It is the government's understanding that the defendant is seeking immigration benefits in the form of asylum and on an application to adjust status to that of a lawful permanent resident, based on a petition filed by the defendant's wife. The merits of those applications must be heard before an immigration judge, at a hearing presently scheduled for September 2021.

to the defendant's travel before coming to the United States and his attempts to obtain any benefits: (1) Did you ever travel to any other countries before you came to the US?; (2) So you have never left Iraq?; (3) At any time, were you able to reside, work, go to school, or receive any benefits in another country; (4) Have you ever visited Afghanistan, Pakistan, Somalia, Colombia, or Syria?; and (5) Have you ever given false information to the US government. To these questions, the defendant answered, "No." Those answers were false.

The government's investigation revealed that in March 2010, the defendant registered as a refugee with the United Nations High Commissioner for Refugees ("UNHCR"), which would effectively protect him from forcible return to a country where he alleged to face threat to his life or freedom. The Iraqi passport defendant submitted with his UNHCR registration further revealed that he traveled back and forth from Iraq to Syria in and around December 2009, February 2010, and January 2011. Ultimately, the defendant never completed the UNHCR process, as he sought and was issued a tourist visa to travel to the United States from Iraq.

During a custodial interview, the defendant admitted that he remained in Syria for approximately six years, from 2006 to 2012. He further admitted he had traveled to Iran and Lebanon, the latter of which was corroborated by the defendant's Facebook records. None of these travels were revealed to USCIS either on the defendant's Form I-589 or during his asylum interview.

On or about December 14, 2017, the defendant was arrested for violating 18 U.S.C. 1546(a). A federal grand jury subsequently returned an indictment on January 11, 2018 charging the defendant with one count False Swearing in an Immigration Matter and five counts False Statements to an Immigration Officer. On March 16, 2018, the defendant then pleaded guilty,

pursuant to a plea agreement, to Count One of the indictment, False Swearing in an Immigration Matter, in violation of Title 18, United States Code, Section 1546(a).

## II. Sentencing Law

Although the Supreme Court rendered the federal Sentencing Guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005), "a sentencing court is still required to 'consult [the] Guidelines and take them into account when sentencing.'" *United States v. Clark*, 434 F.3d 684, 685 (4th Cir. 2006) (quoting Booker, 543 U.S. at 264). The Supreme Court has directed that district courts "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). However, the sentencing court "may not presume that the Guidelines range is reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009). The "[g]uidelines should be the starting point and the initial benchmark," but the sentencing court must also "consider all of the § 3553(a) factors" in determining the appropriate sentence. *Gall*, 552 U.S. at 49; *see also Clark*, 434 F.3d at 685.

Pursuant to 18 U.S.C. § 3553(a), the district court should consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to, among other things, reflect the seriousness of the offense and adequately deter criminal conduct; (3) the kinds of sentences available; (4) the Sentencing Guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. Ultimately, the sentence imposed must meet a standard of reasonableness. See *Booker*, 543 U.S. at 260-61.

### III. The Sentencing Guidelines

Under the Sentencing Guidelines, the base level for the defendant's violation of 18 U.S.C. § 1546(a) is 8. *See* U.S.S.G. § 2L2.2(a). After giving the defendant credit for accepting responsibility, the offense level here will be 6. *See* U.S.S.G. § 3E1.1(a). The defendant's criminal history category is I because he does not have any prior convictions. PSIR ¶¶ 53-57. Accordingly, the Sentencing Guidelines range is 0 to 6 months of imprisonment.

### IV. Analysis and Recommendation

In light of the nature of the offense, the characteristics of the defendant, the need for a sentence to promote respect for the law and adequately deter criminal conduct, the government respectfully recommends that a 30-day sentence of imprisonment, which is at the low-end of the properly calculated Guidelines, is sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

#### A. The Defendant's Actions Warrant Punishment

First, with respect to the characteristics of the defendant, the government acknowledges that this conviction would be the defendant's first and that he has no prior arrests in the United States. However, the defendant's actions warrant punishment. The defendant swore to tell the truth in his Form I-589 and during the asylum interview before USCIS, but his lies permeate both. He knowingly provided false information to the United States about his residence, his travels, and any benefits he may have received from Syria or other countries. Such truthful information is material to the determination made by USCIS, who is charged with not only ensuring that individuals are eligible for the immigration relief they seek, but also in knowing such individuals' backgrounds are properly vetted. Furthermore, any residences outside of Iraq or applications for legal status submitted in other countries would have helped USCIS assess the veracity of the

5

defendant's claims. Here, they were prevented from doing so. The evidence supports that the defendant knew what was being asked of him on his Form I-589 application, and he lied. Further, when given multiple opportunities during the asylum interview to provide truthful information or to correct his prior responses, he chose to conceal the information, specifically, his travels to and stay in Syria.

      B.    <u>The Defendant's Sentence Must Promote Respect for the Law and Deter Others</u>

Second, it is critical that this defendant receive a sentence that promotes respect for United States immigration laws. Immigration fraud, and specifically, asylum fraud, is a serious and all too common crime. Unfortunately, USCIS continues to see countless fraudulent asylum applications each year. This persistent high fraud rate has many causes, including the fact that the immigration laws provide for limitless grants for approved asylum applications and the relatively low sentences imposed on those caught and prosecuted for committing asylum fraud. A sentence of 30 days of imprisonment is necessary to promote respect for the law and ensure that other foreign nationals who enter this country through false pretenses and then go on to apply for immigration benefits through fraud, also receive sentences that promote respect for the law.

Moreover, a sentence of 30 days of imprisonment would satisfy the goal of specific deterrence. The defendant, who remains in the United States without legal status, is in immigration proceedings and faces threat of removal to Iraq or a suitable third country should his applications be denied. As the defendant has admitted, he lied to immigration officials because he wanted to stay in the United States. He has more than one application pending before an immigration judge and will have an opportunity to testify under oath as to his eligibility. A sentence of incarceration is warranted here, where the defendant would have an opportunity to lie under oath in order to increase his chances of remaining in the United States.

There is also a need for a sentence that promotes general deterrence for others intending to lie on applications seeking immigration benefits in the United States. *United States v. Flores-Machicote*, 706 F.3d 16, 22 (1st Cir. 2013) ("Deterrence is widely recognized as an important factor in the sentencing calculus."); *United States v. Jackson*, 835 F.2d 1195, 1199 (7th Cir. 1987) (Posner, J., concurring) ("deterrence is the surest ground for punishment…since incapacitation may, by removing one offender from the pool of offenders, simply make a career in crime more attractive to someone else, who is balanced on the razor's edge between criminal and legitimate activity and who now faces reduced competition in the crime 'market.'"). Despite what may be the defendant's justification for lying to United States immigration officials on his asylum application and again during his interview, there is a need to preserve the integrity of the system. There is, accordingly, also a need to deter other who are contemplating committing immigration fraud in benefit applications.

Regarding supervised release, the Guidelines suggest that the Court "ordinarily should not impose a term of supervised release in a case," such as this one, "in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." *See* U.S.S.G. § 5D1.1(c). The Guidelines, however, also advise that the Court "should…consider imposing a term of supervised release on such a defendant if the [C]ourt determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *See id.* at n. 5. Given the nature of the defendant's offense and the fact that the defendant is likely to remain in the United States until an immigration judge adjudicates his applications, the United States recommends a three-year term of supervised release. Should the defendant be ordered removed, the United States requests that as a condition of

supervised release, the defendant cooperate with the Department of Homeland Security, U.S. Immigration and Customs Enforcement in the execution of the removal order.

**V.**     Conclusion

For the foregoing reasons, the Government respectfully requests that the Court impose a sentence of 30 days' imprisonment and 3 years of supervised release, which is sufficient but not greater than necessary appropriately account for each of the factors set forth in 18 U.S.C. § 3553(a), including to promote respect for our nation's immigration laws. The Government will further ask this Court to enter a Forfeiture Order.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:     /s/
Raizza K. Ty
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981
Email: Raizza.Ty@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which provides notice to counsel of record listed below:

David Benowitz, Esq.
409 7th Street, NW #200
Washington, DC 20004
Email: david@pricebenowitz.com

                                              /s/
                                       Raizza K. Ty
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981
Email: Raizza.Ty@usdoj.gov